IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CORINTHIANS DARNEZ HOLLOWAY,

Plaintiff,

v. Case No. 1:26-cv-01098-JDB-jay

JODY PICKENS, *et al.*,

Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS MANN'S WRECKER SERVICE AND TERRY STORY'S MOTION TO DISMISS,
AND
GRANTING DEFENDANTS CITY OF JACKSON, JACKSON POLICE DEPARTMENT, AND UNNAMED POLICE OFFICERS' MOTION TO DISMISS

On May 6, 2026, the pro se Plaintiff, Corinthians Darnez Holloway, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against District Attorney General Jody Pickens; the Twenty-Sixth Judicial District Drug Task Force; the City of Jackson, Tennessee (the "City"); the Jackson Police Department (the "JPD"); Unnamed Police Officers; the Madison County, Tennessee, Sheriff's Department; Mann's Wrecker Service ("Mann's"); and Terry Story. (Docket Entry ("D.E.") 1.)

In his complaint, Holloway, who is black, alleged that, on April 10, 2024, he had a physical altercation with Story, the owner or an employee of Mann's, in connection with repairs to his truck. Story, who is white, robbed him, spat on him, swung a bat at him, threatened to kill him, and damaged the truck. Holloway reported the incident to the JPD, which was slow to respond and refused to arrest or charge Story. Two days later, law enforcement officers searched a house Holloway owned, where they discovered drugs and weapons, and seized his truck. The district

attorney sought an indictment against Plaintiff, dismissed the case, and reindicted him. On April 21, 2026, Story appeared at a party at a restaurant for Holloway's niece and accused Plaintiff of assaulting him. Holloway was later arrested and charged with assaulting Story. He alleges that the incidents complained of arose from racial animus and violated his constitutional rights.

The matter was referred to the United States magistrate judge for management of all pretrial proceedings in accordance with Administrative Order 2013-05. On May 22, 2026, Defendants City, JPD, and Unnamed Police Officers (collectively, the "City Movants") filed a motion to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 8.) Defendants Mann's and Story (collectively, the "Mann's Wrecker Movants") filed a separate Rule 12(b)(6) motion on June 15, 2026. (D.E. 12.) On September 8, 2026, Judge Jon A. York entered a report and recommendation (the "R&R") recommending that the motions be granted. (D.E. 16.)

As is relevant to the objections now before the Court, Judge York determined that the complaint's allegations failed to establish an unconstitutional policy or custom on the City's part that caused a violation of Holloway's rights, as opposed to the misconduct of any individual. He further concluded that a plaintiff cannot demonstrate a policy or custom when he relies solely on his own experience and does not allege similar incidents involving others. With respect to the Mann's Wrecker Movants, the magistrate judge opined that Holloway had failed to plausibly allege that these private Defendants acted under color of state law under § 1983. Judge York also decided that the one-year statute of limitations applicable to § 1983 claims would render futile any amendment of the complaint regarding the claims relevant to the objections presented.

Plaintiff filed objections to the R&R on September 28, 2026 (D.E. 18), to which the City Movants responded the same day (D.E. 19). On October 16, 2026, Holloway filed a reply to the

City Movants' response. (D.E. 22.) The Mann's Wrecker Movants have not responded to the objections and the time for doing so has expired. *See* Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's objections within 14 days after being served with a copy.").

Congress enacted 28 U.S.C. § 636 to "relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrate[ judges]." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)). Upon the filing of objections to a report and recommendation entered by a magistrate judge, the district judge is to "determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2). A district court should adopt the findings to which no specific objection is timely made. *Thomas v. Arn*, 474 U.S. 140, 151 (1985).

In their response to the objections, the City Movants first argue that they are untimely and therefore waived. The R&R provided in bold print and all caps:

> **WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

(D.E. 16 at PageID 106); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.");

LR 72.1(g)(2) (permitting the filing of objections to a report and recommendation within 14 days after service) Section 636, Rule 72, and the local rules of this district require the Clerk to serve a copy of a magistrate judge's report and recommendation to all parties. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(1); LR 72.1(g)(2). Such service is to be effected pursuant to Fed. R. Civ. P. 5(b). Fed. R. Civ. P. 72(b)(1). Rule 5(b)(2)(C) provides that a paper is "served" by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The Clerk's office has advised the undersigned that the R&R was mailed September 9, 2026, the day after it was entered on the Court's docket. Fourteen days later would have been September 23, 2026. "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). Adding the three days for mailing, the deadline for Holloway's objections was September 26, 2026, which was a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The next day that was not a Saturday, Sunday, or legal holiday was Monday, September 28, 2026, the date the objections were filed. By the Court's calculation then, it appears the objections were timely.

The City Movants also attack the specificity, or alleged lack thereof, of the objections. Objections to a report and recommendation must be specific. *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018). That is, they must be "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "[P]roper objections . . . deserve de novo review" while "vague, general, or conclusory objections'" do not. *Stone v. Associated Wholesale Grocers, Inc.*, 811 F. Supp. 3d 935,

940 (M.D. Tenn. 2025) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). A party's failure to "meet the requirement of specific objections . . . [is] tantamount to a complete failure to object." *Id.* (quoting *Cole*, 7 F. App'x at 356) (cleaned up). "[O]bjections disputing the correctness of the magistrate[ judge's] recommendations but failing to specify the findings believed to be in error are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (cleaned up). Objections that merely identify the claims for which the magistrate judge's recommendation was adverse to the party and urging that they be resolved in his favor are not sufficient. *Id., see also Stone*, 811 F. Supp. 3d at 940 (mere disagreement with the magistrate judge's recommendation or a summary of what has been presented previously is improper). The Court finds here that Plaintiff's objections are sufficiently specific to merit de novo review.

Upon a de novo review of the R&R, the objections, the City Movants' response, the applicable law, and all relevant portions of the record, the Court OVERRULES the objections, ADOPTS the R&R, and GRANTS Defendants' motions to dismiss.[1] *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply state that it engaged in a de novo review of the record and adopts the R&R") (citations and internal quotation marks omitted); *see also* 12 Wright & Miller's Federal Practice & Procedure § 3070.2 (3d ed.) (update Apr. 2026).

The Clerk is **DIRECTED** to terminate the City of Jackson, the Jackson Police Department, the Unnamed Police Officers, Mann's Wrecker Service, and Terry Story as Defendants.

IT IS SO ORDERED this 2nd day of November 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]Despite this dismissal, other Defendants remain in this matter.